**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN MALONE, individually and on behalf of all other persons similarly situated, known and unknown, ) ) ) ) ) Plaintiff, ) ) v. ) ) HEADCO INDUSTRIES, INC. ) 2601 Parkes Drive ) Broadview, IL 60155 ) ) Defendant. ) ) | Case No. Judge |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Steven Malone ("Plaintiff"), individually and on behalf of all other persons similarly situated, known and unknown, through his attorneys, and for his Complaint against Defendant Headco Industries, Inc. ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Defendant is a Broadview, Illinois based company that does business as Bearing Headquarters Co. and provides manufacturing components for products such as chains, couplings, electric motors, and hydraulics.

2. During Plaintiff's employment with Defendant, Defendant paid bonuses to hourly employees, calculated pursuant to a formula set by company policy ("Defendant's Bonus Policy").

3. Plaintiff was employed by Defendant as an hourly employee subject to Defendant's Bonus Policy.

4. Defendant employed other individuals as hourly employees subject to Defendant's Bonus Policy (collectively, with Plaintiff, "bonus-eligible hourly employees").

5. Plaintiff's claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay overtime wages based on the correct regular rate of pay to Plaintiff and other bonus-eligible hourly employees.

6. Within the last three (3) years, Defendant employed workers, like Plaintiff, at its plants as bonus-eligible hourly employees.

7. Within the last three (3) years, Defendant paid its bonus-eligible hourly employees, like Plaintiff, on an hourly basis.

8. Within the last three (3) years, Defendant paid its bonus-eligible hourly employees, like Plaintiff, bonuses based on Defendant's Bonus Policy.

9. Within the last three (3) years, Defendant's bonus-eligible hourly employees, like Plaintiff, have worked over forty (40) hours per week in individual work weeks.

10. Within the last three (3) years, when Defendant's bonus-eligible hourly employees, like Plaintiff, have worked over forty (40) hours in individual work weeks, Defendant paid these employees overtime at one and one-half times their hourly rates of pay.

11. When Defendant paid bonus-eligible hourly employees, like Plaintiff, overtime pay, Defendant failed to include their earned bonuses into the employees' regular rates of pay when calculating employees' overtime rates of pay, as required by law. *See* 29 C.F.R. §§ 778.208, 778.211-212.

12. As a result, Defendant failed to pay overtime to bonus-eligible hourly employees, like Plaintiff, at the correct rate, thereby violating the FLSA and IMWL.

13. Plaintiff brings his FLSA claim as a collective action 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative Plaintiff under the FLSA is attached hereto as Exhibit A. Plaintiff brings his IMWL overtime claims as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

## THE PARTIES

17. Plaintiff resides in and is domiciled in Gurnee, Illinois.

18. Plaintiff was employed by Defendant from approximately 2006 – December 10, 2021.

19. As an employee for Defendant, Plaintiff worked in Defendant's Waukegan, IL location.

20. As an employee for Defendant, Plaintiff's job duties included purchasing and keeping inventory of tools and materials, notarizing documents, and processing documents and forms.

21. Defendant is an Illinois corporation.

22. Defendant's principal place of business is located at 500 South Park Avenue, South Beloit, IL 61080.

## BACKGROUND FACTS

23. Defendant has employed over fifty (50) employees within the last three (3) years as bonus-eligible hourly employees.

24. During Plaintiff's employment by Defendant, Defendant paid Plaintiff on an hourly basis.

25. During Plaintiff's employment by Defendant, Defendant paid Plaintiff bonuses based on Defendant's Bonus Policy.

26. The bonuses Defendant paid Plaintiff were calculated pursuant to a formula set by company policy.

27. Within the last three (3) years, Defendant paid one or more of its other bonus-eligible hourly employees on an hourly basis.

28. Within the last three (3) years, Defendant paid one or more of its other bonus-eligible hourly employees bonuses based on their performance and attendance pursuant to a formula set by company policy.

29. During the course of his employment by Defendant, Plaintiff was directed by Defendant to work over forty (40) hours in one or more individual work weeks.

30. Within the last three (3) years, Defendant directed one or more of its other bonus-eligible hourly employees to work over forty (40) hours in one or more individual work weeks.

31. During Plaintiff's employment by Defendant, Defendant paid Plaintiff overtime wages when he worked over forty (40) hours in individual work weeks at a rate of one and one-half times his hourly rate of pay.

32. Within the last three (3) years, Defendant paid one or more of its other bonus-eligible hourly employees overtime wages when they worked over forty (40) hours in individual work weeks at a rate of one and one-half times their hourly rates of pay.

33. When Defendant paid Plaintiff overtime wages, Defendant did not include the amount of any bonuses Plaintiff earned pursuant to Defendant's Bonus Policy in calculating his regular rate of pay for overtime purposes.

34. Within the last three (3) years, when Defendant paid one or more of its other bonus-eligible hourly employees overtime wages, Defendant did not include the amount of any bonuses these employees earned pursuant to Defendant's Bonus Policy in calculating their regular rates of pay for overtime purposes.

35. Defendant's failure to include Plaintiff's earned bonuses as part of his gross compensation when calculating his regular rate of pay for overtime purposes resulted in Plaintiff being paid overtime wages based solely on her hourly base rate of pay, instead of his regular rate of pay. *See* 29 C.F.R. §§ 778.208, 778.211-212.

36. Defendant's failure to include one or more of its other bonus-eligible hourly employees' earned bonuses as part of their gross compensation when calculating their regular rates of pay for overtime purposes resulted in these bonus-eligible hourly employees being paid overtime wages based solely on their hourly base rate of pay, instead of their regular rate of pay. *See* 29 C.F.R. §§ 778.208, 778.211-212.

37. Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

38. One or more bonus-eligible hourly employees who worked for Defendant were Defendant's "employee[s]" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

39. Plaintiff was Defendant's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

40. One or more bonus-eligible hourly employees who worked for Defendant were Defendant's "employee[s]" as defined by the IMWL, 820 ILCS 105/3(d).

41. Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

42. Defendant was one or more bonus-eligible hourly employees' "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

43. Defendant was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

44. Defendant was one or more bonus-eligible hourly employees' "employer" as defined by the IMWL, 820 ILCS 105/3(c).

45. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA. 29 U.S.C. § 207.

46. Within the last three (3) years, one or more bonus-eligible hourly employees who worked for Defendant were not exempt from the overtime wage provisions of the FLSA. 29 U.S.C. § 207.

47. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

48. Within the last three (3) years, one or more bonus-eligible hourly employees who worked for Defendant were not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

49. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

50. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

51. Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, within each of the last three (3) years.

52. During the course of Plaintiff's employment by Defendant as a bonus-eligible hourly employee, Plaintiff was engaged in interstate commerce.

53. Within the last three (3) years, bonus-eligible hourly employees who worked for Defendant were engaged in interstate commerce.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates the previous allegations of this Complaint as if fully set forth within this Count I.

54. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages at the correct regular rate of pay to Plaintiff and other similarly-situated persons, including Defendant's other bonus-eligible hourly employees.

55. Plaintiff brings his FLSA claim as a nationwide collective action.

56. Plaintiff's consent form to act as a representative party plaintiff is attached to this Complaint. *See* Exhibit A.

57. Within the last three (3) years, Defendant employed bonus-eligible hourly employees in Illinois.

58. During the course of Plaintiff's employment by Defendant, Defendant paid overtime pay to Plaintiff for hours he worked in excess of forty (40) hours in individual work weeks, but did not include the bonuses he earned into his regular rate of pay when calculating his overtime wages.

59. Within the last three (3) years, Defendant paid overtime pay to one or more of its other bonus-eligible hourly employees for hours they worked in excess of forty (40) hours in individual work weeks, but did not include the bonuses they earned into their regular rates of pay when calculating their overtime wages.

60. Within the last three (3) years, in one or more work weeks during Plaintiff's employment by Defendant, Defendant paid Plaintiff overtime wages based solely on his base hourly rate of pay, instead of their regular rate of pay as defined by 29 C.F.R. § 778.108-109.

61. Within the last three (3) years, in one or more work weeks during other bonus-eligible hourly employees' employment by Defendant, Defendant paid one or more of those bonus-eligible hourly employees overtime wages based solely on their base hourly rate of pay, instead of their regular rate of pay as defined by 29 C.F.R. § 778.108-109.

62. In one or more work weeks during Plaintiff's employment by Defendant as a bonus-eligible hourly employee, Defendant did not pay Plaintiff all of the overtime wages he earned in the last three (3) years.

63. Within the last three (3) years, in one or more work weeks, Defendant did not pay one or more of its other bonus-eligible hourly employees all of the overtime wages they earned.

64. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the FLSA.

65. Defendant's failure to pay one or more of its other bonus-eligible hourly employees overtime wages at a rate of one and one half times their regular rates of pay for all time worked in excess of forty (40) hours in individual work weeks violated the FLSA.

66. Defendant willfully violated the FLSA by refusing to pay Plaintiff overtime wages at the correct rate for all time he worked in excess of forty (40) hours in individual work weeks.

67. Defendant willfully violated the FLSA by refusing to pay one or more of its bonus-eligible hourly employees overtime wages at the correct rate for all time they worked in excess of forty (40) hours in individual work weeks.

68. Plaintiff and other similarly-situated persons, including Defendant's other bonus-eligible hourly employees, are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff and those similarly situated, including Defendant's other bonus-eligible hourly employees, pray for a judgment against Defendant as follows:

- A. A judgment in an amount equal to Plaintiff's and other similarly situated employees' unpaid overtime wages;
- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;
- C. An award of prejudgment interest to the extent liquidated damages are not awarded;
- D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and
- E. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Class Action)

Plaintiff hereby realleges and incorporates the previous allegations of this Complaint as if fully set forth within this Count II.

69. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for its failure to pay Plaintiff and the class he seeks to represent their earned overtime pay at the correct rate.

70. Plaintiff brings his IMWL claim as a class action under Fed. R. Civ. P. 23.

71. Plaintiff, and members of the class he seeks to represent, are current and former non-exempt hourly employees subject to Defendant's Bonus Policy employed by Defendant in Illinois from January 10, 2018 to the present, who earned bonuses based Defendant's Bonus Policy, at least in part, during individual work weeks for which they were paid overtime for hours worked in excess of forty (40).

72. Defendant has employed more than forty (40) persons as bonus-eligible hourly employees in Illinois within the previous three (3) years.

73. Defendant compensated Plaintiff in the same manner as it compensated the other bonus-eligible hourly employees it employed within the last three (3) years: by paying Plaintiff and those employees on an hourly basis, paying them bonuses based on the Defendant's Bonus Policy, paying them overtime for hours worked in excess of forty (40) in individual work weeks, and by failing to include earned bonuses in their regular rates of pay when calculating their overtime pay.

74. Defendant's failure to include earned bonuses in Plaintiff's regular rate of pay when computing Plaintiff's overtime pay violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

75. Defendant's failure to include earned bonuses in other bonus-eligible hourly employees' regular rates of pay when computing their overtime pay violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

76. This Count is brought pursuant to Fed. R. Civ. P. 23 because Plaintiff and other bonus-eligible hourly employees are similarly situated to Plaintiff based on the manner Defendant compensated them.

77. This Count is brought pursuant to Fed. R. Civ. P. 23 because Plaintiff and other bonus-eligible hourly employees are so numerous that joinder of all members is impracticable.

78. Plaintiff and Defendant's other bonus-eligible hourly employees are equally affected by the overtime wage payment violations of Defendant, and the relief sought is for the benefit of the individual Plaintiff and the class that Plaintiff seeks to represent.

79. The issues involved in this lawsuit present common questions of law and fact.

80. The common questions of law and fact predominate over the variations which may exist between members of the class, if any.

81. Plaintiff and the class of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

82. The violations alleged by Plaintiff are the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

83. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

84. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

85. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

86. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

87. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, plus punitive damages.

WHEREFORE, Plaintiff and the class he seeks to represent pray for judgment against Defendant as follows:

    A.    A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

    D.    An injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

    E.    Such other and further relief as this Court deems just and proper.

Dated: January 14, 2022

Respectfully submitted,

s/ *Michael L. Fradin*
One of the Attorneys for Plaintiff

Michael L. Fradin (mike@fradinlaw.com)
Michael L. Fradin, Attorney at Law
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889

Attorney for Plaintiff


By: /s/ *James L. Simon*
James L. Simon (pro hac vice forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131

Telephone: (216) 525-8890
Email: james@bswages.com

*Counsel for Plaintiff*